AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

United States County
Southern District of Texas
**FILED**

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

**JAN 2 3 2019**

**David J. Bradley, Clerk of Court**

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Funds up to $14,000 on deposit at or traceable to a<br>Capital One Bank account with an account number<br>ending in 1047 held in the name of Noel J Bertelli | )<br>)<br>)  Case No.  **H19-0146M**<br>)<br>) |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____Southern_____ District of _____Texas_____ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___981(a)(1)(C)___ *(describe the property)*:

Funds up to $14,000.00 on deposit at Capital One Bank account number 00008233001047, held in the name of Noel J. Bertelli, or funds traceable thereto.

The application is based on these facts:

See attached affidavit setting out the factual basis for probable cause to believe that the $14,000.00 sought to be seized is subject to forfeiture as property which constitutes or is derived from proceeds traceable to mail and wire fraud.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Janice L. Tarpley, Postal Inspector, USPIS
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **1/23/19**
_____

_____
*Judge's signature*

City and state:  Houston, Texas
_____

Peter Bray, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Janice L. Tarpley, being duly sworn, state as follows:

### A.    Agent Background

I am a Postal Inspector assigned to the Houston Division of the Postal Inspection Service, and I have been so employed for 28 years.  I am currently assigned the responsibility of investigating white collar crime violations including mail fraud, wire fraud, bank fraud, money laundering and related offenses.  During my employment, I have conducted and/or assisted in criminal investigations involving mail, wire and bank fraud, as well as money laundering and other related federal violations.  My formal education includes a Bachelor of Business Administration degree, which I obtained from Texas A&M University in College Station, Texas, in 1987.

The information in this affidavit is a compilation of information developed during the criminal investigation of the above-described violations conducted by myself along with other employees of the United States Postal Inspection Service. This information was obtained from a variety of credible sources, including witness interviews, bank records, and the collection of documents from individuals.  This affidavit is thus based both upon direct personal knowledge derived from my investigation and review of documents, and upon information provided to me by person(s) believed to be credible and to possess accurate information.

### B.    Property to be Seized

This affidavit is presented in support of an Application for a Seizure Warrant to seize $14,000.00 that constitutes mail and wire fraud proceeds from victims of a sweepstakes fraud.

The funds for which seizure is sought is $14,000 on deposit at Capital One Bank in an Essential Checking Account, account number 00008233001047, in the name of Noel J. Bertelli ("Capital One Account x1047), or property traceable to those funds (as Capital Bank may have the funds on "hold" in an internal account).

### C.    Statutory Basis for Forfeiture

Your Affiant submits that there is probable cause to believe that the property described above is derived from fraud proceeds traceable to Title 18 U.S.C. § 1341 (Mail Fraud) and Title 18 U.S.C. § 1343 (Wire Fraud) and that the property is therefore subject to forfeiture.  As part of the fraud, victims were contacted by phone and facsimile and were asked to make wire transfers (wire fraud); and victims were instructed to send out and pick up cashier's checks by express mail (mail fraud).

Title 18 U.S.C. § 981(a)(1)(C) provides for the forfeiture of  "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Title 18 U.S.C. §1341 (mail fraud)

and Title 18 U.S.C. §1343 (wire fraud) are "specified unlawful activities" pursuant to 18 U.S.C. §1956(c)(7).  Property subject to forfeiture may be seized pursuant to 18 U.S.C. § 981(b).

### D.   Summary of Fraud Scheme

As shown below, there is probable cause to believe that the $14,000 of proceeds for which the seizure warrant is sought were generated by a fraudulent scheme in which older individuals were told they had won millions of dollars in a sweepstakesbut needed to pay taxes and fees in order to collect their prize.

On October 26, 2018, an on-line complaint was filed with the United States Postal Service (USPS) by the son of an 83-year-old sweepstakes fraud victim in Louisville, Kentucky.   According to the complaint and an email submitted to the USPS, the victim was contacted by telephone by representatives allegedly from the Federal Trade Commission.  The victim was told he had won $750,000.00 in the Holiday Sweepstakes in Las Vegas, Nevada, and needed to pay one percent of the winnings as a luxury tax.  As instructed, the victim sent $7,500.00 to Noel Bertelli in League City, Texas, whom he believed to be a Board Trustee Agent.  The victim was later told to send an additional $30,000.00 to cover the fees for his prize; however, the sending bank contacted the victim's son, who interceded on his father's behalf and stopped the loss of additional funds.

Interviews of Bertelli and a review of documents revealed that Bertelli, who is also 83 years old, is another victim of the sweepstakes scheme.  Bertelli had himself paid some fees to collect his promised prize, and he thought he was receiving money from "sponsors" who were advancing funds to pay for additional fees and taxes on his prize.  Bertelli is cooperating and wants to return $14,000 of victim funds that he deposited and tried to wire to Costa Rica, but the funds are being held by his bank due to suspicious activity.

**1. General Information about Lottery/Sweepstakes Fraud Schemes**

In a foreign lottery/sweepstakes fraud scheme, victims are informed, usually by phone by overseas fraudsters, that they have won a prize, which is typically a large sum of money.  Victims are generally elderly and are told that there are various required taxes and fees, which usually represent one to ten percent of the amount of the alleged prize, which must be paid prior to the delivery of the prize winnings.  The elderly victims are given instructions on how to remit the alleged required payments, which are typically remitted via mailing money orders, cashier's checks, personal checks, gift cards, cash and/or sending wire transfers to other individuals who may be knowingly or unknowingly part of the fraud scheme.  The victim is then given new reasons why additional fees must be paid and delivery of the prize winnings is delayed.

Your affiant knows through prior knowledge, training, and experience, that

some victims of lottery/sweepstakes fraud are unwittingly recruited into forwarding funds from other victims at the direction of the fraudsters. Many times when victims run out of money to pay for the ever-increasing alleged taxes, insurance and other fees, the fraudsters offer the victims an opportunity to collect their prize through so-called "sponsors." The fraudsters tell the victims the sponsors are helping them collect their prize by paying the required fees. At the direction of the fraudsters, the victims receive funds from the "sponsors" with specific instructions on how to forward the funds to the next individual in the fraud scheme. In some instances, the fraudsters direct the victim to keep small portions of the money received in order to pay for their own money order purchases, postage, wiring fees, etc.

### 2.  Investigation of Current Scheme

On approximately October 30, 2018, the League City, Texas Post Office contacted your affiant regarding the original victim's on-line complaint and said an additional USPS Priority Mail item had been received for delivery to Bertelli. The Priority Mail item was from Karoly Strassner in Pahrump, NV. Records searches by your affiant revealed Strassner is 83 years old.

Subsequent to your affiant's conversation with the League City Post Office, Bertelli arrived at the League City Post Office to pick up the Priority Mail item. Your affiant spoke with Bertelli on the telephone and explained the sweepstakes/lottery

schemes perpetrated against senior citizens. Bertelli agreed to leave the Priority Mail item with the League City Post Office, and to meet with your affiant the following day.

On October 31, 2018, your affiant and Consumer Fraud Analyst ("CFA") Chris Carrillo interviewed Mr. Noel Bertelli at his residence in League City, Texas. Bertelli was also interviewed on January 16, 2019. Bertelli is 83 years old and retired from NASA. Bertelli told your affiant he was contacted on the telephone and was told he had won $750,000.00. Bertelli said he logged in to the given website, and it showed his $750,000.00 winnings.

Bertelli then began receiving calls from an individual named Angela White. White told Bertelli he had to pay insurance to bring the money across state lines to Texas. Bertelli purchased a cashier's check for $5,000.00 which he sent to Karen Sain, who he believed to be an attorney who handled the insurance payments.

The fraudsters continued to call Bertelli and subsequently told him the first place prize winner was ineligible so he was elevated to the first place prize winner; however, he had to send additional money to collect his additional winnings. Bertelli told the fraudsters he could not send any additional funds.

White called and told Bertelli they had a "sponsor" program which would help Bertelli pay the taxes owed on his winnings. Bertelli asked White if he would repay the "sponsors" after he collected his prize, and she replied yes. White told Bertelli he

owed $70,000.00 to $80,000.00 in taxes.

White instructed Bertelli to open three bank accounts to deposit the money from his "sponsors." He opened accounts at Bank of America, JP Morgan Chase and Wells Fargo. Bertelli deposited $100.00 of his own money to open each account. Bertelli said White had him change his telephone number in order to keep his number confidential. White told Bertelli not to tell anyone, even his wife, about the prize or winnings but to keep everything secret. Your affiant knows from prior investigations that fraudsters often use this tactic with victims.

Bertelli said he received a phone call from White each time he received money from his "sponsors," and she provided the tracking number for the item, date of delivery and amount of money in each envelope. White told him where to deposit the money and how much money to deposit in each account. White would tell him to pick up a fax containing wire instructions and to send pictures of the wire transfer documents after sending the wire. He was often instructed to wire the money to Costa Rica, such as to Vistamares Heredianas, S.A. at the Banco De Costa Rica. Your affiant has reviewed records turned over by Bertelli, including faxes with instructions, evidence of wire transfers, and evidence of deposits. The paperwork supports Bertelli's information.

At the conclusion of the first interview, Bertelli reviewed and signed a document

consenting to the issuance of a Cease and Desist Order, issued by the USPS Judicial Officer, pursuant to 39 USC 3005(a)(3).  Bertelli agreed to cease receiving and forwarding funds associated with the sweepstakes/lottery fraud scheme.  The order was formally issued by the USPS Judicial Officer in December 2018.

Bertelli agreed to assist your affiant in returning funds still in his possession or under his control to victims of the scheme.  Bertelli opened the Priority Mail letter from Karoly Strassner.  It contained a $1,000.00 USPS Money Order payable to "Nel" Bertelli, which Bertelli turned over to your affiant, and the money order was returned to victim Strassner.

Bertelli explained that on October 24, 2018, Bertelli received USPS Express Mail from Kim Geil, in Spencerport, New York.  Inside the envelope was the customer copy of cashier's check 9855710252, payable to Bertelli for $14,000.00.  Bertelli deposited the check in his account at JP Morgan Chase Bank on October 25, 2018.

On October 29, 2018, Bertelli purchased cashier's check 9457518183 from his account at JP Morgan Chase Bank, payable to Noel J. Bertelli in the amount of $14,000.  Bertelli then deposited the check into his account at Capital One Bank.  On October 30, 2018, Bertelli received a fax with instructions for sending funds via wire transfer to Banco De Costa Rica.  Following the instructions in the fax, Bertelli instructed on October 31, 2018, that a $13,800.00 wire transfer be made from his

account at Capital One Bank for beneficiary Jorge Zavaleta Fallas. The wire transfer receipt stated the purpose of the wire was "possible property purchase."

White told Bertelli the $14,000.00 cashier's check from Geil was the last payment from his sponsors. Bertelli said White led him to believe he would get his prize after sending the $14,000.00. Bertelli said he had no intention of purchasing property in Costa Rica and was sending the money to collect his prize.

On November 1, 2018, your affiant was at the residence of Bertelli when he received a call on his cell phone from a Donald Barnett. Barnett called from telephone number 415/619-3238 and claimed to be an attorney for Kim Geil. Barnett threatened to have Bertelli arrested that afternoon if he did not return the $14,000.00 to his client Geil. Your affiant spoke with Barnett and advised proof of ownership would be necessary for the return of the $14,000.00 to Geil.

Later that day, your affiant received an email from Kim Geil which contained a copy of her driver's license, as well as the receipt for the purchase and mailing of the Express Mail Letter to Bertelli. The email also had a copy of a JP Morgan Chase Bank checking account balance inquiry receipt, for account XXX2023, which showed a balance of $14,508.36.

Investigation by CFA Carrillo revealed Donald Barnett was an attorney in Northern California who was declared ineligible to practice law by the State of

California. CFA Carrillo contacted the Spencerport, New York Post Office regarding Kim Geil. An employee there told CFA Carrillo that Kim Geil had been receiving a large volume of Express Mail letters. Postal Service records revealed Geil received three Express Mail letters from Michael Pope in Wendell, North Carolina

On November 8, 2018, your affiant interviewed Michael Pope. Pope said he was contacted on the telephone and told he had won the Holiday Sweepstakes. Pope was initially told he was the second place winner, and won $750,000.00. He received a subsequent call, saying the first place winner was ineligible for the prize, which elevated Pope to first place. His first place prize was $8 million dollars. Pope was told he had to send money to collect his winnings. Pope sent approximately $8,000.00 to Kim Geil for his prize. Pope advised he purchased two cashier's checks and two USPS money orders which were sent to Geil via USPS Express Mail on three separate occasions.

On November 21, 2018, your affiant received a call from Kim Geil. Geil requested your affiant's assistance in retrieving the $14,000.00 she had sent to Bertelli. Geil said the money was hers and she wanted your affiant to help her get it back. Geil said the money came from her checking account. Your affiant told Geil the money used to purchase the $14,000.00 cashier's check was not hers but came from victims of a sweepstakes/lottery fraud scheme. Geil told your affiant she was not aware of

receiving money from victims and hung up.

### 3.  The Funds at Capital One

Records obtained from Bertelli show that he opened Capital One Account x1047

on or about October 29, 2018, and that Bertelli is the sole signatory on the account.

The only deposit was the $14,000 cashier's check.   Bertelli tried to wire funds from

Capital One Account x1047 on the morning of October 31, 2018.  Bertelli showed your

affiant a copy of the wire transfer receipt, which showed he had requested a wire of

$13,800.00 be sent to Costa Rica for a "possible property purchase."

Following the first interview, Bertelli had accompanied your affiant and CFA

Carrillo to Capital One Bank to attempt to retrieve the $13,800.00 international wire

transfer.   Representatives at Capital One Bank advised that the $13,800.00 wire

transfer was stopped by the bank due to the suspicious nature of the account and

transaction.  The wired funds ($13,800.00 wire plus the $20.00 wire fee) and the small

amount of remaining funds in Bertelli's account were subsequently placed in a hold

status by Capital One Bank.  As of January 16, 2019, the funds and account were still

being held by Capital One Bank, which wanted a warrant before it would release the

$14,000.

Bertelli advised that the $14,000.00 cashier's check was the *only* deposit made

into his account at Capital One Bank.  Bertelli is cooperating with the investigation and

has agreed that the $14,000.00 should be returned to the fraud victims from which it originated. Bertelli provided your affiant a copy of his Capital One Bank statement for the period December 8, 2019 through January 8, 2019. As of January 8, 2019, the balance in the account was $14,000.00.

## RELIEF SOUGHT

As described above, there is reason to believe that the $14,000.00 of funds deposited into Capital One Bank Account x1047 are proceeds traceable to mail fraud in violation of Title 18, United States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section 1343. Your Affiant submits that the $14,000.00 is subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C) and seeks a seizure warrant for the $14,000.00 as provided by Section 981(b).

Janice L. Tarpley
Postal Inspector
United States Postal Inspection Service

Sworn to before me and subscribed in my presence on the **23** day of January 2019, and I find probable cause.

Peter Bray
United States Magistrate Judge